**Juan C. Chavez**, OSB #136428
Email: jchavez@ojrc.info
**Franz Bruggemeier**, OSB # 163533
Email: fbruggemeier@ojrc.info
Oregon Justice Resource Center
PO Box 5248
Portland, OR 97208
Telephone: 503 944-2270
Facsimile: 971-275-1839

    Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON
PORTLAND DIVISION

| | |
|---|---|
| OGILVIA PINEDA,<br><br>    Plaintiffs,<br>v.<br><br>JEFFERSON COUNTY; CPL. TYLER ANDERSON; and JOHN DOES 1-10,<br><br>    Defendants. | Case No. 20-cv-1615<br><br>COMPLAINT<br>Violation of Civil Rights (42 U.S.C. §1983) for violations of the Due Process clause in violation of the Fourteenth Amendment.<br><br>DEMAND FOR JURY TRIAL |

## INTRODUCTION

This is a Civil Rights case stemming from the Defendants' unconstitutional actions that harmed Ms. Pineda while in their custody at the Jefferson County Jail. Ms. Pineda had repeatedly requested a bottom bunk while in Defendants' jail. Ms. Pineda is short and heavy-set, making getting to the top bunk very difficult and dangerous. Her requests were ignored. Foreseeably then, Ms. Pineda fell from her top bunk, breaking her rib. Their actions caused her serious physical injury and pain for which she now seeks redress.

///

## JURISDICTION

1. This court has jurisdiction over the subject matter of this Complaint under 42 U.S.C. § 1983, and 28 U.S.C. §§ 1331, 1343(a)(3), (4), and supplemental jurisdiction over the state law claims under 28 U.S.C. § 1367(a).

## VENUE

2. Venue is proper within the District of Oregon because all of the events giving rise to this claim occurred in this judicial district, and all defendants reside in this judicial district. 28 U.S.C. § 1391(b).  The acts and practices alleged herein occurred in Jefferson County, Oregon.

## PARTIES

3. At the time of filing, Plaintiff Ogilvia Pineda is a resident of Jefferson Country, Oregon.

4. Defendant Jefferson County is a political subdivision of the State of Oregon, with the capacity to sue and be sued. Jefferson County retains authority and control over the Jefferson County Sheriff's Office.

5. Defendant Tyler Anderson is a Corporal with the Jefferson County Sheriff's Office. At all relevant times, Defendant Anderson was acting under color of law, and is sued in his individual capacity.

6. Plaintiff does not know the names of Defendants John Does 1-10, and so is suing them under fictitious names. John Does 1-5 are any Jefferson County employees who ordered, directed, undertook, or in some manner participated in the violation of Plaintiff's rights as alleged in this complaint. John Does 6-10 are any supervisors whose participation could include their own culpable action or inaction in the training, supervision, or control of these

subordinates, their acquiescence in the constitutional deprivations alleged here, or whose conduct shows a reckless or callous indifference to the rights of Plaintiff.

## FACTUAL ALLEGATIONS

7. The Jefferson County Jail is a small jail in Eastern Oregon. It houses pre-trial detainees, as Ms. Pineda was at the time, for Jefferson County and Crook County. The Jefferson County Jail's website explains that it "employs 13 Corrections Deputies, 1 Court Security Deputy, 4 Corporals, 1 Sergeant, 1 Jail Commander, 1 Cooks, and 5 Part-time Nurses. There are normally 3-4 Deputies on-duty at a time in the jail 24 hours a day seven days a week."[1] Defendant Tyler Anderson was the Jail Commander at all times alleged.

8. Defendant Anderson was tasked with the safety and security of the facility, and the health and well-being of the person incarcerated there. Upon information and belief, Defendant Anderson had direct supervision over the management of the Jefferson County Jail, including the placement of detainees within it. Ultimately, Defendant Anderson retained control in his supervisory capacity over his subordinates who carried out the tasks entrusted to him, such as the safe bunk placement of the detainees in his facility.

9. In September 2018, Ms. Pineda resided at the Jefferson County Jail in Madras, Oregon, as a pre-trial detainee.

10. Ms. Pineda is 4'11" tall and at the time weighed approximately 210 lbs.

11. Ms. Pineda would have had difficulty in getting to a top bunk bed because of her weight and height, so she requested to be on a bottom bunk.

---

[1] Jefferson County, *Jefferson County Jail*, available at https://www.jeffco.net/sheriff/page/jefferson-county-jail

12. Ms. Pineda lived trouble-free at the Jefferson County Jail for approximately two months while sleeping on a bottom bunk.

13. Ms. Pineda had been taking medication for various health conditions. Ms. Pineda was given muscle relaxers, medication for an autoimmune disorder, medication for anxiety, and trazodone for sleep. The combination of these medications made Ms. Pineda groggy and less alert in the morning.

14. On or about September 13, 2018, a Thursday, Ms. Pineda was asked by the Jail to assist in laundry. She complied. However, when she returned to her cell, she learned that she had been placed on a top bunk.

15. Ms. Pineda complained that this was going to be difficult given her health conditions and physique. John Doe 1, a Sheriff Deputy, told her that she should, "Try it tonight and we'll take care of it tomorrow."

16. Ms. Pineda could barely place her books on her bunk. She struggled to get up into bed. She had to use a table and still barely made it.

17. On or about September 14, 2018, a Friday, Ms. Pineda once again asked for an accommodation—this time from the supervisor, a Lieutenant, John Doe 2. Ms. Pineda told John Doe 2 that she could not make it up to her bed. John Doe 2 told her to kyte (a common term for a jail communication) her concerns.

18. In her kyte, Ms. Pineda explained that she needed to be placed on a bottom bunk because of her physique.

19. Saturday came and went without a reply from the jail.

20. That Saturday night, Ms. Pineda took her prescription medication, including the trazodone and muscle relaxers.

21. The morning of September 16, 2018, a Sunday, Ms. Pineda did not recall waking up. She does recall being called to get her medication. Next, she remembers bouncing off the chair and to the floor. The fall stunned Ms. Pineda, knocking the wind out of her. She could not breathe. She felt like she was going to die. She opened her eyes to find she was on my back. She could hear screams of "She fell! She fell!" somewhere in the jail. She came in and out of consciousness.

22. A contemporaneous Sheriff's Office report states that Nurse Shawn treated Ms. Pineda. Deputies Wallace, Wyatt, and Padbury and Corporal Moore also responded to the incident and called the EMTs.

23. Ms. Pineda was taken to the St. Charles Hospital in Madras, OR.

24. Ms. Pineda had three non-displaced, broken ribs.

25. Ms. Pineda had known other women at the Jefferson County whom had similarly had difficulty getting to the top bunk of their cells, had complained, and did not receive an accommodation.

26. Because Defendants failed to protect Ms. Pineda from the serious risk of falling off the top bunk despite knowing of the substantial risk thereof, Ms. Pineda suffered physically and emotionally from her fall.

## CLAIMS FOR RELIEF

27. Defendants Anderson and John Does 1-10 are persons within the meaning of 42 U.S.C. 1983.

28. Plaintiff seeks an award of non-economic damages, attorney fees, and litigation expenses/costs against defendants.

### CLAIM 1: VIOLATIONS OF FOURTEENTH AMENDMENT
(Failure to Protect/Cruel and Unusual Punishment – 42 U.S.C. 1983 – Individual Liability)

29. Under the Fourteenth Amendment, a pretrial detainee has the right to be protected while in custody.

30. In taking the actions described above, including but not limited to placing Ms. Pineda on a top bunk despite being physically restricted from doing so, Defendants Anderson and John Does 1-10 intentionally violated Ms. Pineda right to be free from substantial risk of suffering serious harm, guaranteed by the Fourteenth Amendment.

31. Defendants did not take reasonable available measures to abate the clear risks associated with placing Ms. Pineda on a top bunk despite knowing the difficulty that posed to her, even though a reasonable officer in the circumstances would have appreciated the high degree of risk involved in doing so—particularly after receiving kytes from Ms. Pineda about the issue, and others having been injured from top bunk placement.

32. This violation of Ms. Pineda's rights was the direct and proximate cause of bodily injury, pain, suffering, mental and emotional suffering. Ms. Pineda is entitled to all of her damages in an amount to be ascertained according to proof at trial.

### CLAIM 2: VIOLATION OF FOURTEENTH AMENDMENT
(FailCustom of Violating Detainee Rights—42 U.S.C. § 1983—*Monell* Liability)

33. Defendants John Does 1-10 acted under color of state law and, as described in Claims 1, deprived Ms. Pineda of her particular rights under the United States Constitution.

34. Defendants John Does 1-10 were following a practice or custom of Defendant Jefferson County to cause the deprivation of Ms. Pineda right to not be subjected to unreasonable

risk of serious harm.  Furthering this practice, Defendant County has either failed to train its officers to place pre-trial detainee on top bunks despite physical restrictions and to ignore requests for accommodations, or has ratified these employees' actions by failing to discipline its officers.

35. As a result of the above-described conduct, Defendants caused Ms. Pineda bodily injury, pain, suffering, mental and emotional suffering. Ms. Pineda is entitled to all of her in an amount to be determined by a jury.

## DEMAND FOR JURY TRIAL

36. For all claims alleged in this Complaint, Plaintiff demands a jury trial.

## REASONABLE ATTORNEY'S FEES AND COSTS

37. 42 U.S.C. § 1988(b) allows "the prevailing party… a reasonable attorney's fee as part of the costs…" in an action brought under 42 U.S.C. § 1983.

38. Plaintiff requests that the Court grant a reasonable attorney's fee in this action.

## CONCLUSION

WHEREFORE, plaintiff prays for relief as follows:
a. For judgment in favor of Ms. Pineda against Defendants for their damages;
b. For reasonable attorneys' fees and costs pursuant to 42 U.S.C. § 1988; and
c. For such other and further relief as may appear just and appropriate.


DATED: September 16, 2020.

*/s/ Juan C. Chavez*
Juan C. Chavez, OSB #136428

*ATTORNEY TO BE NOTICE*

*/s/ Franz Bruggemeier*
Franz Bruggemeier, OSB #163533
Oregon Justice Resource Center
PO Box 5248
Portland, OR 97208